IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| MYKERIA HARVEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| v. | ) |
| | ) |
| LOADER EXPRESS, INC. and | ) |
| COOPER TIRE & RUBBER | ) |
| COMPANY, INC., | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

## COMPLAINT

COMES NOW Mykeria Harvey ("Harvey"), Plaintiff herein, and files this Complaint against the above-named Defendants, Loader Express, Inc. ("Loader Express") and Cooper Tire & Rubber Company, Inc. ("Cooper Tire")(collectively referred to herein as "Defendants") as follows:

**Introduction**

This is a civil rights lawsuit seeking both compensatory and punitive damages, plus attorney's fees and the costs of litigation for the retaliation and willful discrimination and retaliation on the basis of sex perpetrated by Defendants herein through the conduct of Defendants against Plaintiff in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as well as Defendant's common law and statutory obligations to Plaintiff. Harvey seeks damages, pre-judgment

interest, costs (including attorney's fees), and equitable and declaratory relief to the fullest extent allowed by law.

## I. THE PARTIES

1. Plaintiff Mykeria Harvey is and at all times material hereto has been a female citizen of the United States and a resident of Camilla, Georgia. Plaintiff was an "employee" of Defendants as that term is defined under Title VII and related applicable case law.

1. Defendant Loader Express is a corporation based in Stone Mountain, Georgia, which conducts business within this State and District and maintains its principal place of business at 1173 Stephenson Rd., Stone Mountain, GA 30087. Loader Express is a corporation specializing in temporary staffing. Loader Express is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Pieris Hodges at 1173 Stephenson Rd., Stone Mountain, GA 30087.

2. Loader Express was and is an "employer" within the meaning of Title VII.

3. Defendant Cooper Tire is a corporation based in Findlay, Ohio, which conducts business within this State and District and maintains its principal place of business at 701 Lima Avenue, Findlay, Ohio 45840. Cooper Tire is a corporation specializing in tire manufacturing. Cooper Tire is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its

registered agent, CT Corporation System, 289 S Culver St, Lawrenceville, GA 30046-4805.

4. Cooper Tire was and is an "employer" within the meaning of Title VII.

5. Defendants jointly employed Plaintiff at Cooper Tire's facility located at 330 Sylvester Road, Albany, Georgia  31705.

## II.     JURISDICTION AND VENUE

6. Plaintiff Harvey performed work for Defendants within the jurisdiction of this Court.  Plaintiff Harvey was terminated on or about July 1, 2021, filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant Cooper Tire on July 9, 2021 and against Loader Express on August 3, 2021, and received statutory notices of her right to sue from EEOC on August 12, 2021.  Harvey has thus satisfied the statutory condition precedent set forth in Title VII for filing these claims with this Court.

2. At all times material herein, Defendants have been authorized to conduct business within the State of Georgia, have transacted business in the State of Georgia, employed Plaintiff in the State of Georgia, and have regularly solicited business and derived substantial revenue from goods used and/or services rendered in the State of Georgia.

3. Venue for this action is proper in this district and division pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this judicial district, all of the and events

and omissions giving rise to the claims herein occurred in this judicial district, and the employment at issue and events giving rise to the claims herein occurred in this district and division.

4.  This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

### III.  FACTS SUPPORTING PLAINTIFF'S CLAIMS

5.  Plaintiff was hired as a scanner at Cooper Tires (through Loader Express, Inc., an employment placement agency) on or about April 12, 2021.  Plaintiff's job duties as a scanner consisted of scanning loads brought in by forklift drivers, counting tires and confirming that the count was correct.  Plaintiff also did some payroll work.

6.  On April 14, 2021, a coworker called Plaintiff and told Plaintiff that her supervisor, Willie Tucker, "liked me," to which Plaintiff responded she was not interested in a workplace relationship.  Plaintiff was informed that Mr. Tucker had spoken to another co-worker about potentially having sex with her.  Plaintiff later told Mr. Tucker that this was not appropriate, and Mr. Tucker told Plaintiff to "leave the situation alone."

7.  On April 23, 2021, another coworker, Rashard Sutton, told Plaintiff that her hair looks nice.  Plaintiff asked Sutton to leave her alone.

8. After that, a different coworker mentioned that he had heard Plaintiff was having sex with a coworker. Plaintiff told him that she had not had sex with anyone at Cooper Tires.

9. On May 6, 2021, Mr. Tucker called Plaintiff upstairs to complete some paperwork. He attempted to touch Plaintiff's buttocks on this date, as he had done previously. When Plaintiff and Tucker walked downstairs, he showed Plaintiff a picture on his phone of him naked, standing in front of a mirror, holding his penis. Plaintiff left and told another coworker what happened.

10. On May 14, 2021, Mr. Tucker and Mr. Sutton got into an argument about Plaintiff which concluded with Mr. Tucker stating "I have other hoes."

11. On May 25, 2021, as Plaintiff was going to the restroom, Mr. Tucker told Plaintiff, "I bet that pussy pissy."

12. On June 7, 2021, after Plaintiff told Mr. Tucker that I was going to discuss his behavior with "LB" Hodges, (Willie's supervisor) the following day, Mr. Tucker told Plaintiff not to come in the following day, and that he would have a discussion with LB. Plaintiff told him that she intended to discuss sexual harassment in the workplace with LB, after which Mr. Tucker stated that he would "see me at work tomorrow."

13. On June 30, 2021, Plaintiff requested LB's number from Mark [last name unknown] because she had previously attempted to contact LB with no success.

Plaintiff was given LB's son's email address, instead.  LB's son, Pierce [last name unknown], called Plaintiff between 1:00-3:00 p.m. and Plaintiff told him everything that she had been experiencing at Cooper Tire.  Pierce told Plaintiff to come back to work the following day (July 1).  When Plaintiff arrived at work on July 1, 2021, LB told Plaintiff that she was being terminated and to go home.

## IV.   PLAINTIFF'S CLAIMS

### Count One:  Discrimination on the Basis of Sex in Violation of Title VII of the Civil Rights Act of 1964 (against both Defendants)

14. During Plaintiff's employment with Defendants, Defendants intentionally treated Plaintiff differently and less favorably than similarly-situated male employees, including, but not limited to, making lewd, sexually-charged comments to, and committing and/or attempting to commit unwanted sexual touching of, Plaintiff.

15. At the time the above-referenced actions occurred, Ms. Harvey was female and subject to the protections of Title VII.

16. Defendants' conduct in harassing Ms. Harvey on the basis of her sex violated Ms. Harvey's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 20003, *et seq*.

17. Ms. Harvey has fulfilled all statutory requirements necessary to file a charge of sex discrimination under Title VII.

### Count Two:  Retaliation in Violation of Title VII of the Civil Rights Act of 1964 (against both Defendants)

18. Defendants' conduct in harassing Ms. Harvey on the basis of her sex and ultimately using Ms. Harvey's sex and complaints about harassment as a motivating factor in her termination violated Ms. Harvey's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 20003, *et seq.*

19. Ms. Harvey has fulfilled all statutory requirements necessary to file a charge of retaliation under Title VII.

### Relief Sought

Plaintiff Harvey seeks a judgment against Defendants granting Plaintiff Harvey compensatory (including, but not limited to back pay, front pay, and loss of benefits), statutory, exemplary and punitive damages, interest, liquidated damages, attorneys' fees, costs of litigation, and any and all additional relief as an empaneled jury and this Court deem appropriate.

### Conclusion

WHEREFORE Plaintiff respectfully requests a **trial by jury** on all of Plaintiff's claims which are so triable, and that judgment be entered in Plaintiff's favor and against Defendants on all counts set forth above.

Respectfully submitted this 19th day of August, 2021.

*Tyler B. Kaspers*
Tyler B. Kaspers, Ga. Bar No. 445708

THE KASPERS FIRM, LLC
152 New Street, Suite 109B
Macon, GA  31201
404-944-3128 (Phone)
tyler@kaspersfirm.com